UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRRALL FARROW CANNON,<br><br>        Petitioner,<br><br>        v.<br><br>UNITED STATES SENATE,<br><br>        Respondent. | NO. CV 09-5711-RGK (CT)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |

On July 16, 2009, petitioner Tyrrall Farrow Cannon ("petitioner"), a prisoner in state custody and proceeding pro se, filed a motion for change of venue in the United States District Court for the District of Columbia. The motion was construed as a petition for writ of habeas corpus and then transferred to this court.

Petitioner is a prolific litigant who, among other things, had a previous petition for writ of habeas corpus dismissed as a successive petition. (Case No. 09-824). Petitioner has also attempted to file numerous prisoner civil rights complaints, but has repeatedly been denied leave to file those actions without prepayment of the filing. (See, e.g., Case Nos. 97-02987, 99-00694, 99-11588, 00-00350, 02-09335, 03-00505, 03-01609, 04-00074, 04-01287, 04-04674, 04-05660, 05-01736, 06-00185, 06-00744, 06-00777, 06-01320, 07-00579, 07-01477,

07-01890, 07-01635, 08-00019, 08-00052, 08-713, 08-6595; 09-2367, 09-4814). In most of those actions, petitioner appears to allege that a cabal of governmental officials, including former President Bill Clinton and Governor Arnold Schwarzenegger, to name but a few, have conspired to overthrow the United States government and to destroy or enslave an entire race of people.

In this filing, petitioner appears to simultaneously challenge his 2003 conviction and the court's previous orders denying him leave to file his prisoner civil rights complaints without prepayment of the filing fee. Because the crux of petitioner's allegations challenge his conviction and because the transferring court has already construed petitioner's filing as a petition for writ of habeas corpus, this court construes petitioner's latest filing as a petition for writ of habeas corpus. This petition is subject to dismissal for the reasons set forth below.

### DISCUSSION

**A.   Duty to Screen**

This court has a duty to screen applications for habeas corpus relief. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes; see also Calderon v. United States Dist. Court for the N. Dist. of Cal. (Nicolaus), 98 F.3d 1102, 1109 (9th Cir. 1996) (concurring opinion). Rule 4 requires a district court to promptly examine a habeas corpus petition, and, if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not then entitled to relief in the district court, the judge shall make an order for summary dismissal of the petition. Rules

1  Governing § 2254 Cases in the United States District Courts, Rule 4; <u>see</u>
2  <u>also</u> Local Civil Rule 72-3.2.

3  **B.   Successive Petitions**

4  The petition is subject to dismissal because it is a successive
5  petition.  AEDPA includes a "gatekeeping" mechanism for the
6  consideration of second or successive federal habeas corpus petitions.
7  <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 641 (1998).  Second or
8  successive petitions are subject to the "extremely stringent"
9  requirements of AEDPA.  <u>Babbitt v. Woodford</u>, 177 F.3d 744, 745 (9th Cir.
10 1999).  "Before a second or successive application permitted by this
11 section is filed in the district court, the applicant shall move in the
12 appropriate court of appeals for an order authorizing the district court
13 to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Second or
14 successive petitions for writ of habeas corpus filed in the district
15 court without an authorizing order from the court of appeals shall be
16 dismissed.  <u>See</u> 28 U.S.C. § 2244(b); <u>see also</u> <u>Burton v. Stewart</u>, 549
17 U.S. 147, 127 S. Ct. 793, 796, 799 (2007) (holding that where petitioner
18 neither sought nor received authorization from the Court of Appeals
19 before filing "second or successive" petition challenging his custody,
20 district court should have dismissed petition for lack of jurisdiction).

21 The present petition appears to challenge the same 2003 conviction
22 and sentence that petitioner challenged in his numerous prior federal
23 petitions, including the petition in case number EDCV 04-1287, which was
24 denied on the merits and dismissed with prejudice.  As a result, under
25 AEDPA, petitioner was required to receive authorization from the Court
26 of Appeals before filing another challenge.  Because he did not do so,
27 this court is without jurisdiction to entertain the petition.  <u>Burton v.</u>
28

1  Stewart, 127 S.Ct. at 796; see also 28 U.S.C. § 2244(b)(3)(A).

2  **C.   Improper Use of Habeas Petition**

3  The writ of habeas corpus is limited to attacks on the legality or duration of confinement.  Badea v. Cox, 931 F.2d. 573, 574 (9th Cir. 1991)(habeas corpus proceedings are the proper mechanism for a federal prisoner "to challenge the 'legality or duration' of confinement") (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("According to the traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.") (citing Preiser, 411 U.S. at 484-86).

Although petitioner's filing challenges his 2003 conviction, it also appears to seek review of the court's orders denying him leave to file his prisoner civil rights complaints without prepayment of the filing fee.  To the extent that petitioner seeks to do so by way of a habeas petition, he may not do so.

ACCORDINGLY, IT IS ORDERED that this habeas petition is dismissed.

DATED: August 14, 2009

*[signature: Gary Klausner]*

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

4